J-S30008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                              :             PENNSYLVANIA
           Appellant          :
                              :
                              :
           v.                 :
                              :
                              :
ZACHARY N. SMITH            :    No. 1816 EDA 2024

Appeal from the Order Entered July 8, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001108-2023

BEFORE:    OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:            **FILED OCTOBER 7, 2025**

       The Commonwealth of Pennsylvania appeals from the order entered on July 8, 2024, which denied the Commonwealth's motion *in limine*. We affirm.

       The Commonwealth charged the defendant, Zachary N. Smith ("the Defendant"), with terroristic threats, simple assault, disorderly conduct, and harassment.[1] Information, 7/12/23, at 1. The affidavit of probable cause declared:

> [Complainant J.A. told police] that he was outside working when [the Defendant] showed up on the road outside the home yelling that he was going to kill him. [Complainant J.A. stated that the Defendant] was slamming the Clymer Library sign multiple times either with his fist or an object.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a)(3), 5503(a)(1), and 2709(a)(1), respectively.

[Complainant T.A. told police that the Defendant] threatened to burn their house down stating "it wouldn't take much, just gas and a match." [The Complainants] stated that due to previous incidents with [the Defendant], that they were fearful [the Defendant] would follow through with his threats and harm them, their family and/or their property. [Complainant T.A.] stated that the court had previously ordered [the Defendant] to stay away from [him] and his family members, as part of his plea conditions set on [December 1, 2022,] when [the Defendant] pled guilty to two counts of [disorderly conduct, one count of trespass, and one count of harassment. The Defendant] was sentenced to [one] year probation.

Affidavit of Probable Cause, 2/21/23, at 1.

Prior to trial, the Commonwealth filed a motion *in limine*, seeking the admission of the following evidence: 1) "a video of [the Defendant] outside [the Complainants'] residence in August of 2022 harassing and verbally abusing the [Complainants];" 2) a September 3, 2022 Pocono Mountain Police Department incident report, filed by the Complainants against the Defendant, which resulted in the Defendant being charged with disorderly conduct, harassment, defiant trespass, and criminal mischief; and, 3) the Defendant's December 1, 2022 guilty plea to two counts of disorderly conduct, one count of defiant trespass, and one count of harassment "as a result of the incident on September 3, 2022." Commonwealth's Motion *in Limine*, 5/15/24, at 1-2. The Commonwealth argued that the above evidence was relevant and admissible to "establish[] the *res gestae* and the natural development and escalation of the facts of the case." *Id.* at 1.

Following oral argument, the trial court denied the Commonwealth's motion on July 8, 2024. The next day, the Commonwealth filed a notice of

appeal from the trial court's July 8, 2024 interlocutory order and, within the notice of appeal, the Commonwealth properly certified that the order will "terminate or substantially handicap the prosecution." ***See*** Pa.R.A.P. 311(d); ***see also*** Commonwealth's Notice of Appeal, 7/9/24, at 1. The Commonwealth raises two claims on appeal:

> 1. Whether the trial court erred in denying the Commonwealth's motion *in limine*, thus prohibiting the Commonwealth from introducing evidence to establish the *res gestae* of the case?
>
> 2. Whether the trial court erred in denying the Commonwealth's motion *in limine*, thus prohibiting the Commonwealth from introducing evidence of the [Defendant's] intent, pursuant to Pennsylvania Rules of Evidence 404(b)(2)?

Commonwealth's Brief at 4 (some capitalization omitted).

We have explained:

> When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion. Instead, an abuse of discretion occurs only where the trial court has reached a conclusion that overrides or misapplies the law, or when the judgment exercised is manifestly unreasonable, or is the result of partiality, prejudice, bias or ill-will. Further, to the extent we are required to review the trial court's conclusions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Cook***, 231 A.3d 913, 919 (Pa. Super. 2020) (quotation marks and citations omitted).

In relevant part, Pennsylvania Rule of Evidence 404(b) declares:

(1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1) and (2).

Thus, as our Supreme Court held, "[w]hile it is true that evidence of prior crimes and bad acts is generally inadmissible if offered for the sole purpose of demonstrating the defendant's bad character or criminal propensity, the same evidence may be admissible where relevant for another purpose." *Commonwealth v. Powell*, 956 A.2d 406, 419 (Pa. 2008). In addition to the "other purposes" enumerated in Rule 404(b)(2) that allow for the possible admission of prior bad acts evidence, our Supreme Court carved out another special circumstance, known as the *res gestae* exception, where prior bad acts evidence is admissible if the evidence is "part of the history of [the] case and formed part of [the] natural development of facts." *Commonwealth v. Solano*, 129 A.3d 1156, 1178 (Pa. 2015).

Importantly, a trial court "may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403. "Unfair prejudice" is "a tendency to suggest decision on an improper basis or to divert

the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403 cmt. "In determining whether evidence should be admitted, a trial court must weigh the relevance and probative value of the evidence against the prejudicial impact of that evidence." **Commonwealth v. Gallaway**, 283 A.3d 217, 223 (Pa. 2022).

The trial court filed its Rule 1925(a) opinion on October 8, 2024. Within this opinion, the trial court explained that it denied the Commonwealth's motion *in limine* and excluded the proffered evidence under Rule 403, as the probative value of the evidence was outweighed by its potential for unfair prejudice. **See** Trial Court Opinion, 10/8/24, at 3 ("the [trial court] found that the prejudicial impact of [the] evidence of prior bad acts outweighs the probative value of said evidence"), 4 ("the [trial court] found that the evidence of the prior bad acts would be prejudicial and rouse the jury to overmastering hostility toward the Defendant. The [trial court] deduced that presenting evidence of prior bad acts would unquestionably make a jury unfairly hostile toward the Defendant, and further, that the evidence of prior bad acts would unfairly mislead the jury by having them consider [the] Defendant's propensity rather than the probative value the Commonwealth is trying to offer"), and 5-6 ("the [trial court] concluded that the evidence of prior bad acts has its probative value outweighed by the prejudicial impact on the Defendant. The evidence offered by the Commonwealth in [its] motion *in limine* of prior bad acts would unfairly mislead the jury by having them

consider [the] Defendant's propensity rather than any probative value the Commonwealth is trying to offer") (some capitalization omitted).

The Commonwealth filed its brief on January 14, 2025 – well after the trial court filed its Rule 1925(a) opinion and explained the basis for its ruling. Within the Commonwealth's brief, however, the Commonwealth does not make any claim or argument that the trial court erred in its Rule 403 analysis. *See* Commonwealth's Brief at 8-14. Stated another way, on appeal, the Commonwealth does not contest the trial court's ultimate conclusion that Rule 403 required the exclusion of the proffered evidence, as the probative value of the evidence was outweighed by its potential for unfair prejudice. *See id.* As we have explained:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. . . . **This Court will not act as counsel and will not develop arguments on behalf of an appellant**. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (emphasis added).

Here, since the Commonwealth neither claims nor argues that the trial court erred in ultimately concluding that Rule 403 required the exclusion of the proffered evidence, the Commonwealth's claims on appeal necessarily fail.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/7/2025</u>